[619 NYS2d 668]

In the Matter of DAVISON F. MOORE, an Attorney, Resignor.

Second Department, November 28, 1994

### APPEARANCES OF COUNSEL

*Gary L. Casella,* White Plains *(Gary D. Egerman* of counsel), for Grievance Committee for the Ninth Judicial District.

### OPINION OF THE COURT

Per Curiam.

Davison F. Moore has submitted an affidavit dated August 12, 1994, wherein he tenders his resignation as an attorney and counselor-at-law (22 NYCRR 691.9). Mr. Moore was admitted to the practice of law by the Appellate Division of the Supreme Court, Second Judicial Department, on October 18, 1972.

Mr. Moore acknowledges that he is the subject of an investigation by the Grievance Committee for the Ninth Judicial

District concerning complaints involving his failure to account for the assets of several estates. Mr. Moore acknowledges that if charges were brought based upon the misconduct in question, he would be unable to successfully defend himself on the merits against such charges.

Mr. Moore, in his proffered resignation, expressly indicates his awareness that pursuant to Judiciary Law § 90 (6-a), an order permitting him to resign could require him to make monetary restitution to any persons whose money or property was misappropriated or misapplied and to reimburse the New York Lawyers' Fund for Client Protection for that money. Mr. Moore acknowledges that any order issued pursuant to Judiciary Law § 90 (6-a) may be entered as a civil judgment against him. He specifically waives the opportunity afforded by Judiciary Law § 90 (6-a) (f) to be heard in opposition thereto.

Mr. Moore indicates that his resignation is freely and voluntarily tendered, that he is not being subjected to coercion or duress, and that he is fully aware of the implications of submitting his resignation.

Counsel for the Grievance Committee has recommended that the Court accept the resignation. Under the circumstances, the resignation of Davison F. Moore as a member of the Bar is accepted and directed to be filed. Accordingly, Davison F. Moore is disbarred and his name is stricken from the roll of attorneys and counselors-at-law, effective immediately.

MANGANO, P. J., THOMPSON, BRACKEN, SULLIVAN and MILLER, JJ., concur.

Ordered that the resignation of Davison F. Moore is accepted and directed to be filed; and it is further,

Ordered that pursuant to Judiciary Law § 90, effective immediately, Davison F. Moore is disbarred and his name is stricken from the roll of attorneys and counselors-at-law; and it is further,

Ordered that Davison F. Moore shall promptly comply with this Court's rules governing the conduct of disbarred, suspended and resigned attorneys (22 NYCRR 691.10); and it is further,

Ordered that pursuant to Judiciary Law § 90, effective immediately, Davison F. Moore is commanded to desist and refrain from (1) practicing law in any form, either as principal or as agent, clerk or employee of another, (2) appearing as an

attorney or counselor-at-law before any court, Judge, Justice, board, commission or other public authority, (3) giving to another an opinion as to the law or its application or any advice in relation thereto, and (4) holding himself out in any way as an attorney and counselor-at-law; and it is further,

Ordered that pursuant to Judiciary Law § 90 (6-a) (a) and (b), Davison F. Moore is directed to make restitution in the amount set forth to the following parties whose money or property was willfully misappropriated or misapplied, less the amount of any awards to those persons by the Lawyers' Fund for Client Protection arising out of the misappropriation or misapplication:

| | | |
|---|---|---|
| (1) | Helen C. Altic | $412,129.26 |
| (2) | Catherine A. Vorndam | $400,000.00 |
| (3) | Peter A. Luber | $ 25,000.00 |

and it is further,

Ordered that pursuant to Judiciary Law § 90 (6-a) (a), the respondent shall reimburse the Lawyers' Fund for Client Protection of the State of New York for any awards made to the persons whose money or property was willfully misappropriated or misapplied by him; and it is further,

Ordered that pursuant to Judiciary Law § 90 (6-a) (d), this order may be entered as a civil judgment and such judgment shall be enforceable as a money judgment in any court of competent jurisdiction by any person to whom payments are due hereunder in the amount set forth herein less any amount reimbursed by the Lawyers' Fund for Client Protection, or by the Lawyers' Fund for Client Protection where it has been subrogated to the rights of such person.